NOT FOR FULL-TEXT PUBLICATION
File Name: 09a0137n.06
Filed: February 17, 2009

No. 08-1229

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT


NADA HASHEM-YOUNES,

        Plaintiff-Appellant,

v.

DANOU ENTERPRISES
INCORPORATED,

        Defendant-Appellee

_____/

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

BEFORE:    SUHRHEINRICH, GRIFFIN and KETHLEDGE; Circuit Judges.

**PER CURIAM**:  Plaintiff-Appellant Nada Hashem-Younes ("Younes"), a Muslim female of Lebanese descent, is a former at-will employee of the World Trade Center Detroit/Windsor Languages Institute.  She was discharged after roughly 80 days on the job for poor performance. Younes sued in district court, charging Defendants-Appellees Danou Enterprises, Inc., Samir Danou, and Barry Whyte (collectively "Defendants"), with discrimination based upon gender, religion, pregnancy, and national origin pursuant to Michigan's Elliot-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101, *et seq*. (2002), and Title VII of the Civil Rights Act of 1964 ("Title VII"), § 701 *et seq*., 42 U.S.C. § 2000e, *et seq*. (2000).  Younes also argued Title VII violations based upon a hostile work environment and retaliation.

The district court granted Defendants' motion for summary judgment on all claims.  After carefully reviewing the record, the parties' arguments, and the applicable law, we **AFFIRM** for the

reasons stated in the district court's thorough and well-reasoned opinion dated January 18, 2008. All the relevant facts were thoroughly reviewed and properly considered.

In her Reply Brief to this Court, Younes contends that, after this Court's recent decision in *White v. Baxter Healthcare Corp.*, 533 F.3d 381 (6th Cir. 2008), she no longer needs to satisfy the familiar *McDonnell Douglas/Burdine* burden-shifting framework for establishing *prima facie* discrimination based upon circumstantial evidence. *White* was issued after the district court's decision, so we briefly address Younes's argument here.

In *White*, this Court held that compliance with the *McDonnell Douglas/Burdine* burden-shifting framework is not required in order to establish a Title VII mixed-motive claim at the summary judgment stage. *White*, 533 F.3d at 400. Instead, an employee asserting a Title VII mixed-motive claim need only produce evidence sufficient to convince a jury that (1) the defendant took an adverse employment action against the employee, and (2) "race, color, religion, sex, or national origin was *a* motivating factor" for the employer's adverse employment action. *Id.* at 400 (quoting 42 U.S.C. § 2000e-2(m)) (emphasis added). This burden is not onerous, and the employee may satisfy the burden with either direct or circumstantial evidence. *White*, 533 F.3d at 400.

Younes presented all of her claims in the district court as single-motive claims pursuant to the general anti-discrimination provision of 42 U.S.C. § 2000e. The record is utterly silent as to mixed motives. She did not raise it in her complaint or mention it in her response to Defendants' motion for summary judgment.[1] Therefore, the district court did not err in applying the *McDonnell Douglas/Burdine* framework, instead of mixed-motives analysis, to Younes's Title VII claims.

_____

[1]"Issues that are not squarely presented to the trial court are considered waived and may not be raised on appeal." *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1172 (6th Cir. 1996).

### III.  Conclusion

As stated, we **AFFIRM** the judgment of the district court.